# IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN
*************

| | |
|---|---|
| **PEOPLE OF THE VIRGIN ISLANDS,** | ) **CASE NO. ST-19-CR-86** |
| | ) |
| **Plaintiff,** | ) 14 V.I.C. § 1052(a); 16 V.I.C. § 91(b)(4) |
| -vs- | ) 14 V.I.C. § 1051; 16 V.I.C. § 91(b)(4) |
| | ) 14 V.I.C. § 701 and 14 V.I.C. § 331 |
| **PATRICK WEBSTER, JR.,** | ) |
| | ) |
| **Defendant.** | ) |

Cite as: 2019 V.I. Super 175U

## MEMORANDUM OPINION

¶1     On September 12, 2019, this matter came on for a hearing to determine Defendant Patrick Webster, Jr.'s competency to stand trial. Having heard the testimony of Dr. Leighmin Lu, the Court finds that Webster is not competent to stand trial because he is not able to assist in his own defense and he is unable to understand the nature of the instant proceedings.

¶2     Webster was arrested on March 29, 2019, after his 61-year old mother, Vernice Webster, reported that he had barged into her bedroom, told her that he was going to hold her "ransom" and demanded that she go to the bank and get him money so that he could buy new clothes and a brand new car. Webster forced his mother into her car and then drove her to a bank where she was able to escape and call the police for help.

¶3     An initial hearing was conducted on April 1, 2019, during which Webster was advised of his rights. During the initial hearing, his defense counsel advised the Court that Webster was uncooperative, did not want to hear from his counsel and did not want to be told what the hearing or process was about. Webster refused to raise his hand to be sworn and during the advice of rights, he stated that he did not understand his rights, the charges or the penalties. Webster refused to sign an acknowledgement that he had received a copy of the Memorandum Record of Proceedings.

¶4     In a three-count Information, filed on April 10, 2019, the People charged Webster with Kidnapping for Ransom-Domestic Violence in violation of V.I. Code Ann. tit. 14, § 1052(a) and 16 V.I.C. § 91(b)(4); False Imprisonment and Kidnapping-Domestic Violence in violation of 14 V.I.C. § 1051 and 16 V.I.C. § 91(b)(4) and Attempted Extortion in violation of 14 V.I.C. § 701 and 14 V.I.C. § 331.

¶5     At his April 11, 2019 arraignment, Webster spoke out of turn during the proceedings without consulting with his attorney. At one point, stated that he did not understand anything that was taking place in court and that the did not authorize defense counsel to sign the Scheduling

Order on his behalf. During the arraignment, the Magistrate Judge ordered that Webster be seen by a physician while at the Bureau of Corrections to determine his mental state and that the physician file an evaluation report with the Court.

¶6    On July 17, 2019, this Court received the Psychiatric Evaluation Report of Leighmin J. Lu, M.D. from the Magistrate's Division.

¶7    On July 19, 2019, Webster's court-appointed counsel filed his "Under Seal Motion to Withdraw as Counsel"[1] which stated:

> That since the court's appointment, Counsel visited with the Defendant at the Bureau of Correction[s] in an effort to prepare the defense. After meeting with the client for a little more than one (1) hour Counsel realized and concluded that the Defendant is incapable of assisting Counsel in his defense. Counsel believes that the Defendant does not understand the nature of the charges against him. After that visit with the Defendant at the Bureau of Corrections, the Defendant calls Counsel's office daily, at least ten (10) per day, harassing the staff and Counsel.

¶8    At the September 12, 2019 competency hearing, Dr. Lu was qualified to testify as a psychiatrist. Dr. Lu was hired by the Bureau of Corrections to conduct the mental health evaluation of Webster. As part of the evaluation, Dr. Lu interviewed Webster's mother. In addition, clinical psychiatric interviews of Webster were conducted on April 2, 5, 17, 23 and 24 and June 6, 2019. Webster's past legal and medical history were reviewed. Observations by Bureau of Corrections' nurses and corrections officers were also taken into consideration by Dr. Lu. Webster refused to take a Psychiatric Symptoms Questionnaire Test.

¶9    Dr. Lu also observed that Webster "…is in denial of his offense and he maintains a distorted false belief that he was arrested as a result of 'police brutality, due to retaliation, or revenge', and insisted that court documents were illegal."

¶10    Dr. Lu diagnosed Webster with: "Paranoid Disorder, with intermittent Explosive Conduct Disorder, Paranoid, Narcissistic and Antisocial Personality Disorder. Dr. Lu advised that Webster should take Olanzapine and Oxcarbazepine but Webster "has adamantly refused to be treated with any medications."

¶11    Dr. Lu also testified that these disorders and medical conditions affect Webster's view of reality. Webster thinks his mother has gold coins which belongs to him. Webster has a false belief

[1] By Order entered on August 20, 2019, the pleading titled "Under Seal Motion to Withdraw as Counsel" was placed under seal. However, its contents are critical because they lead to the scheduling of the competency hearing and are consistent with Dr. Lu's Report which this Court received on July 17, 2019. Therefore, by this Memorandum Opinion, the Order to seal is vacated as the contents were part of the Court's necessary findings.

that he is entitled to the gold coins that he thinks his mother has. Webster has a firm conviction that is not in line with reality and which constitutes a psychiatric disorder. He refuses to acknowledge the reason for his arrest. Dr. Lu conceded that Webster is able to understand the charges, but he refuses to do so and this "refusal to understand is irrational thinking; that is part of the sickness." Dr. Lu further testified that he cannot say that Webster is able to cooperate rationally with his attorney, and this inability to cooperate rationally with his attorney renders him incompetent.

¶12     During the September 12, 2019 hearing, Dr. Lu's diagnosis and opinion regarding Webster remained unchanged from that contained in his June 17, 2019 Psychiatric Evaluation Report:

> In my opinion, the Defendant has serious personality and mental health issues, and would be a **danger to others** if released without proper treatment and counseling. He is calm and appeared to be quiet within the BOC environment. However, his aggressive and antisocial behavior would be unpredictable if he is released and unsupervised. In my opinion, he is **not competent to stand trial** at this time, since he is unable to cooperate with his counsel rationally in his defense, and unable to understand the expected proceeding. In my opinion, at the time of the alleged offense on or about March 29, 2019, he was suffering from a form of mental disorder, and the alleged offense was **committed in consequence** of such mental disorder.

¶13     Neither party presented any evidence or called any witnesses or medical personnel to refute Dr. Lu's testimony.

¶14     The legal test to determine whether a defendant is competent to stand trial is whether he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding, and whether he has a rational, as well as factual, understanding of the proceedings against him.[2] Further, the burden is on the People to prove the Defendant's competency to stand trial by a preponderance of the evidence.[3] "The Court must ensure that the due process rights of defendants are not violated by compelling them to stand trial when they are neither able to assist in their own defense nor able to understand the nature of the proceedings."[4] "The failure of the People to ensure that a mentally incompetent person is not criminally prosecuted amounts to a violation of the defendant's constitutional rights."[5]

---

[2] *People v. Hyman,* Super. Ct. Case No. ST-11-CR-31, 2012 WL 3099690, at *2 (V.I. Super. July 30, 2012) citing *Dusky v. United States,* 362 U.S. 402 (1960).

[3] *Id.* citing *United States v. Velasquez,* 885 F.2d 1076, 1089 (3d Cir.1989) (citing *United States v. Digilio,* 538 F.2d 972, 988 (3d Cir.1976)).

[4] *People v. Richardson,* 52 V.I. 211, 218 (V. I. Super. Ct. 2009) (citing *Medina v. California,* 505 U.S. 437, 453 (1992) (recognizing the well-established rule that the "criminal trial of an incompetent defendant violates due process.")).

[5] *People v. Hyman* at * 2.

¶15    Just as in *People v. Hyman*, the circumstances presented in the instant case indicate that as early as the April 1, 2019 initial hearing where Webster was advised of his rights, there were concerns about his psychiatric status. Dr. Lu's Psychiatric Report placed all parties on notice of the diagnosis of a mental illness and his position that Webster, as of June 17, 2019, was unable to assist his counsel rationally.

¶16    In light of the June 17, 2019 Psychiatric Evaluation Report, the Under Seal Motion to Withdraw as Counsel, and Dr. Lu's testimony at the September 12, 2019 competency hearing, the Court finds that Webster is not able to assist his legal counsel in his own defense, that he does not understand the nature of the proceedings against him and that he is not competent to stand trial. Based upon Dr. Lu's testimony and his June 17, 2019 Psychiatric Evaluation Report, the Court further finds that Webster is a danger to others.

¶17    Based upon the foregoing, and pursuant to Title 5 V.I.C. § 3637(a), the Court will order that Webster be placed in a forensic unit that can provide long term psychiatric care until he becomes "competent to stand trial, or until he is no longer a danger to others and may be housed in a different facility.[6]

An Order consistent with this Memorandum Opinion follows.

DATED: 12/17/2019

**DENISE M. FRANCOIS**
Judge of the Superior Court of the Virgin Islands

ATTEST:
ESTRELLA H. GEORGE
Clerk of the Court

BY: 
LORI BOYNES-TYSON
Chief Deputy Clerk   12/18/2019

---

[6] *People v. Francis*, No. ST-16-CR-391, 2019 WL 4955962, at *3 (V.I. Super. Oct. 7, 2019) (unpublished) citing *Government of the Virgin Islands v. Durant*, 49 V.I. 366, 375 n. 9 (V.I. 2008) (Title 5 V.I.C § 3637 applies not only to persons committed to a forensic unit who have been found not guilty by reason of insanity, but also to those committed "otherwise in accordance with law." *See* 5 V.I.C. § 3637(b). Moreover, Chapter 45 of Title 19 provides for the commitment and release of "[a]ny patient held on order of a court having criminal jurisdiction in any action or proceeding arising out of a criminal offense." 19 V.I.C. § 1201(c); *see also* 19 V.I.C. § 1202 (regulating procedure regarding mentally ill prisoners). Additionally, Section 723 of Title 19 provides for the involuntary commitment of mentally disturbed, alcoholic and drug dependent persons).